J-S18013-19

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELISSA EVETTE CANDELARIO | : | |
| | : | |
| Appellant | : | No. 1258 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 1, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002608-2016

BEFORE: BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED MAY 31, 2019**

Melissa Evette Candelario appeals from the judgment of sentence of ninety-five months to twenty years of imprisonment imposed after she pled guilty to aggravated assault. Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm the judgment of sentence.

The Commonwealth charged Appellant with criminal attempt- homicide, recklessly endangering another person ("REAP"), terroristic threats, harassment, and two counts each of aggravated assault and simple assault, arising from a May 13, 2016 incident where Appellant stabbed Amy Garman in the eye socket with a screwdriver, causing bleeding in the brain. N.T. Guilty Plea Hearing, 5/1/18, at 5.

_____

* Former Justice specially assigned to the Superior Court.

On May 1, 2018, Appellant appeared before the trial court to enter a negotiated guilty plea, under which Appellant would plead guilty to aggravated assault in exchange for the Commonwealth's withdrawal of all remaining charges. *Id*. at 2, 6. The parties also agreed upon a sentence of ninety-five months to twenty years of incarceration with a total of 264 days of credit for time served. *Id*. at 6-8. The court engaged in a colloquy of Appellant, wherein she demonstrated a knowledge of the charges pending, the facts that the Commonwealth would have to prove if she chose to proceed to trial, and the maximum penalties she faced if convicted. *Id*. at 2-5. Appellant verified her understanding that, in exchange for her guilty plea, she would give up her right to litigate any pretrial motions and her right to a jury trial. *Id*. at 4. The court accepted the guilty plea and sentenced Appellant in accordance with its terms. *Id*. at 8-9.

Appellant filed a timely post-sentence motion seeking to withdraw her guilty plea based upon a claim of innocence and requesting a modification of her sentence. At the post-sentence motions hearing, counsel informed the court that the motion was filed to protect Appellant's appellate rights and that, because Appellant did not wish to assert her innocence, he did not "believe [that] we can support the standard to withdraw her guilty plea" or "challenge the sentence." N.T. Motions Hearing, 6/28/18, at 2. The court entered an order denying the post-sentence motion.

Appellant filed a timely notice of appeal and the court ordered her to file a concise statement of errors complained of on appeal. Instead, counsel filed

a statement of intent to file an *Anders* brief, explaining that she had been unable to discern any non-frivolous issues. The trial court issued its Pa.R.A.P. 1925(a) opinion, wherein it stated that it was unable to provide a brief opinion as counsel did not identify the rulings or other errors complained of on appeal.

In this Court, counsel filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the ***Anders*** procedure:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. As required by ***Santiago***, counsel set forth the case history, referred to issues that arguably support the appeal, stated her conclusion that the appeal is frivolous, and cited to controlling case law which supports that conclusion. ***See Anders*** brief at 5-21. Additionally, counsel gave Appellant proper notice of her right to immediately proceed *pro se* or retain another attorney.[1] ***See Santiago***, ***supra***; Application for leave to withdraw, 2/8/19, at 2. Accordingly, we proceed to an independent examination of the record in order to discern if any non-frivolous issues exist.

_____

[1] Appellant did not file a response to counsel's petition.

- 4 -

*Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

Counsel identified two issues that arguably support the appeal: (1) whether Appellant's guilty plea was knowingly, voluntarily, or intelligently entered; and (2) whether Appellant can challenge the discretionary aspects of her negotiated sentence. *Anders* brief at 5.

We first consider whether Appellant has any viable claim regarding the entry of an allegedly unknowing and involuntary guilty plea. In *Commonwealth v. Broaden*, 980 A.2d 124 (Pa.Super. 2009), we summarized the principles governing post-sentence motions to withdraw guilty pleas:

> post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id*. at 129 (citations omitted).

A court accepting a defendant's plea is required to conduct an on-the-record inquiry, which explores the following areas:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?[;] (2) is there a factual basis for the plea?[;] (3) does the defendant understand that he or she has the right to a trial by jury?[;] (4) does the defendant understand that he or she is presumed

- 5 -

innocent until found guilty[;] (5) is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?[; and] (6) is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Pollard,* 832 A.2d 517, 522-23 (Pa.Super. 2003) (citations omitted); *see also* Pa.R.Crim.P. 590. Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Pollard*, *supra* at 523.

The plea colloquy complied with Pa.R.Crim.P. 590. The court inquired at length concerning Appellant's understanding of the nature of the charges she faced and the terms of the plea agreement. N.T. Guilty Plea Hearing, 5/1/18, at 1-6. More specifically, it identified the offenses charged and the maximum penalties she faced if convicted. *Id*. at 2. The court also reminded Appellant that she had the right to have a jury trial and was presumed innocent. *Id*. at 4. Additionally, the Commonwealth summarized the facts that it would have been required to prove if Appellant had chosen to proceed to trial and the court incorporated her written guilty plea colloquy into the record. *Id*. at 2-5. Finally, during the colloquy, Appellant admitted her guilt and expressed her desire to plead guilty. *Id*. at 4-5, 7.

Upon our independent review of the record, we discern no manifest injustice that would support the reversal of the trial court's order denying the post-sentence motion. The guilty plea colloquy irrefutably establishes that the trial court made the appropriate inquiries and that Appellant entered her plea

knowingly, intelligently, and voluntarily. Appellant willingly availed herself of the benefits of the plea agreement and is bound by the statements she made during her written and oral guilty plea colloquies. **Commonwealth v. Turetsky**, 925 A.2d 876, 881 (Pa.Super. 2007) ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds of withdrawing the plea which contradict the statements he made at his plea colloquy.") (citation omitted). For all of the foregoing reasons, Appellant's first claim is devoid of merit.

Next, Appellant wishes to challenge the discretionary aspects of her negotiated sentence. With respect to negotiated plea agreements, we have explicitly found:

> [W]here the guilty plea agreement between the Commonwealth and a defendant contains a negotiated sentence, . . . and where that negotiated sentence is accepted and imposed by the court, a defendant is not allowed to challenge the discretionary aspects of the sentence. **Commonwealth v. Reichele**, [589 A.2d 1140 (Pa.Super. 1991)]. We stated, "If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement." **Id**. at 1141.

**Commonwealth v. Byrne**, 833 A.2d 729, 735 (Pa.Super. 2003).

The reasoning of **Reichele** is instructive here. Appellant entered a negotiated guilty plea and now seeks to alter a specific term of that agreement. This she cannot do. As in **Reichele**, if Appellant were allowed to alter her sentence, it "would undermine the designs and goals of plea

bargaining" and "would make a sham of the negotiated plea process."[2]
**Reichele**, **supra**, at 1141.

Further, we have conducted a "full examination of the proceedings" and determined that "the appeal is in fact wholly frivolous."[3]  **Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa.Super. 2015).  Since our review did not disclose any other arguably meritorious claims, we grant counsel's petition to withdraw and affirm the judgment of sentence.  **Dempster**, **supra** at 273.

_____

[2] An examination of Appellant's brief also reveals that Appellant has failed to comply with the mandate of Pa.R.A.P. 2119(f) and that the Commonwealth has objected to the omission.  Commonwealth's brief at 8-9.  Therefore, even if Appellant had raised a valid discretionary sentencing challenge we would be barred from considering it, since failure to include a Rule 2119(f) statement where the Commonwealth has objected to its omission results in waiver. **Commonwealth v. Hudson**, 820 A.2d 720, 727 (Pa.Super. 2003).

[3] We undertook our review mindful of the fact that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed."  **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014).  No viable claims or defenses on those subjects are apparent from the record before us.

Petition of Samuel J. Mills, Esquire, to withdraw as counsel is granted.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2019